# IN THE UNITED STATES DISTRICT COURT FOR THE
# EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| **RICKKE LEON GREEN,** ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | **Case No. CIV 07-378-JHP-KEW** |
| ) | |
| **MARTY SIRMONS, Warden,** ) | |
| ) | |
| Respondent. ) | |

## OPINION AND ORDER

This matter is before the court on the respondent's motion to dismiss petitioner's petition for a writ of habeas corpus, which was filed pursuant to 28 U.S.C. § 2241. Petitioner, an inmate currently incarcerated at Oklahoma State Penitentiary (OSP) in McAlester, Oklahoma, is challenging two disciplinary actions at OSP and at Oklahoma State Reformatory (OSR) in Granite, Oklahoma. He also is improperly attempting to challenge various acts by prison officials and the conditions of his confinement, but he should be well aware by now that such claims must be raised in a proper civil rights complaint. *See Green v. Sirmons*, No. CIV 07-254-RAW-KEW (E.D. Okla. Feb. 19, 2008) (denying petitioner's numerous, inappropriate motions in his habeas corpus action), *aff'd*, No. 08-7024 (10th Cir. Oct. 1, 2008).

Petitioner has filed objections to the Magistrate Judge's rulings on his numerous motions and notices that were not appropriate for this habeas corpus action [Docket #44]. The Magistrate Judge found the motions and notices, which did not concern the issues of this case, should be raised in a proper civil rights complaint [Docket #40]. Petitioner argues in his motion for leave to supplement legal authority that habeas corpus and § 1983 civil rights claims may be litigated simultaneously [Docket #45]. What he apparently is attempting to

do, however, is to circumvent the filing fee requirements of the Prison Litigation Reform Act, 28 U.S.C. § 1915(g). Petitioner long ago used up his "three strikes" for *in forma pauperis* status in civil rights actions, *see Green v. Lighter*, No. CIV 08-121-JHP-SPS (E.D. Okla. Apr. 15, 2008) (citing petitioner's extensive history of filing frivolous lawsuits), so he is trying to present civil rights claims in this habeas petition. The court will not allow him to avoid the provisions of the PLRA by piggybacking § 1983 claims to his habeas corpus action. The court, therefore, finds petitioner's objections to the Magistrate Judge's rulings are meritless. Even if his proposed claims were viable, he offers no evidence that he has exhausted his available administrative and state court remedies for these issues. Furthermore, petitioner cannot raise claims for other inmates in this action.

The respondent alleges in his motion to dismiss that petitioner has failed to exhaust his administrative and state court remedies for the misconduct convictions at issue in this lawsuit. "A threshold question that must be addressed in every habeas case is that of exhaustion." *Harris v. Champion*, 15 F.3d 1538, 1554 (10th Cir. 1994). The court must dismiss a state prisoner's habeas petition if he has not exhausted the available state court remedies as to his federal claims. *See Coleman v. Thompson*, 501 U.S. 722, 731 (1991). "A habeas petitioner is generally required to exhaust state remedies whether his action is brought under § 2241 or § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000) (citing *Coleman*, 501 U.S. at 731). In those instances where earned credits are revoked in a prison disciplinary hearing, an Oklahoma inmate can pursue a judicial appeal process through a petition for judicial review, pursuant to Okla. Stat. tit. 57, § 564.1.

The record shows that petitioner was found guilty at OSR on August 2, 2006, of the offense of Possession of Contraband. His punishment included the loss of 365 earned credits, but he had only 87 earned credits to revoke. He also was punished with a demotion

to Earned Credit Level 1 and 30 days in the disciplinary unit. On August 7, 2006, the facility head affirmed petitioner's misconduct conviction and punishment. On December 13, 2006, he was found guilty of the offense of Disobedience to Orders at OSP. His punishment included the loss of 120 earned credits, but he had no earned credits remaining to revoke. He also was punished with placement at Earned Credit Level 1 and additional time in the disciplinary unit. The facility head affirmed the disposition of the misconduct on the same day the disciplinary hearing was held.

The record indicates petitioner did not attempt to submit a misconduct appeal for either of the misconducts. There also is no record of his seeking relief in the state district court for the loss of earned credits, pursuant to Okla. Stat. tit. 57, 564.1, or of appealing to the Oklahoma Court of Criminal Appeals. Petitioner has not filed a response to the motion to dismiss. The court, therefore, finds he has not exhausted the available remedies for his misconduct convictions at issue in this lawsuit.

**ACCORDINGLY,** the repondent's motion to dismiss [Docket #42] is GRANTED, and this action is DISMISSED in its entirety. All other pending motions are DENIED as moot.

**IT IS SO ORDERED** this 30th day of March 2009.

James H. Payne
United States District Judge
Eastern District of Oklahoma

3